```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :        CRIMINAL ACTION
                                :
            v.                  :
                                :
TROY HOLMES                     :        NO. 08-495-1
```

MEMORANDUM

Bartle, C.J.                                          July 2, 2009

      Before the court is the post-verdict motion of Troy Holmes pursuant to Rule 29 of the Federal Rules of Criminal Procedure for judgment of acquittal.

      Holmes was indicted on: (1) one count of conspiracy to commit carjacking in violation of 18 U.S.C. § 371; (2) one count of carjacking in violation of 18 U.S.C. § 2119; and (3) one count of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1) and (2).  The jury returned a verdict of guilty on all three counts.  At the close of trial, Holmes made an oral motion for judgment of acquittal, which we denied.  Holmes's attorneys filed a written motion for a Rule 29 judgment of acquittal on March 10, 2009, and a Supplemental Memorandum in support of that motion on May 26, 2009.  The government filed its response on June 22, 2009.

I.

Pursuant to Rule 29(c), "if the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). Where the court finds that a "rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence," a Rule 29 post-verdict motion for judgment of acquittal will not be granted. United States v. Wolfe, 245 F.3d 257, 262 (3d Cir. 2001). In this posture, the court reviews the record in the light most favorable to the prosecution. Id.

On July 29, 2007, at approximately 2:30 a.m., Issa Ouattara parked his Lexus on 6th Street in Philadelphia, Pennsylvania. He and his girlfriend, Jelena Radulovic, exited the car and began to walk north, to the nearby Palmer Social Club at 6th and Spring Garden Streets. When they were between 30 and 50 feet from the car, Ouattara heard someone say "yo." He turned around to see two men, one of whom--later identified as Brown--was pointing a gun at him. The other, whom he later identified as defendant Holmes, was a large man, standing 6 feet tall and weighing 260 pounds.

Brown demanded that Ouattara surrender his car keys, money, cell phone, and phone card. Ouattara complied. Brown then ordered Ouattara and Radulovic to depart the scene, and they

did so.  Holmes looked on silently at Brown's side as all of this transpired.

After leaving Brown and Holmes, Ouattara almost immediately jumped into a police cruiser, which happened to be parked in front of the Palmer Social Club, and quickly explained the preceding events to Officers Lauf and Jachimski.  The three drove south on 6th Street in pursuit of the Lexus.  They saw the car stopped at a red light and drove up beside it.  From inside the Lexus, Brown, the driver, pointed a handgun at the officers and then drove through the red light.  The police cruiser followed the Lexus until the latter struck a limousine at the intersection of 6th and Market Streets.  Brown and Holmes fled from the car on foot in the same direction.  Brown was found underneath a car near the Rohm and Haas Building, located at the corner of that intersection.  Holmes was chased through the arcade at the Rohm and Haas Building and then arrested on 6th Street.  Ouattara, who was on the scene when both men were seized by police, immediately identified them as his assailants.  Less than ten minutes had passed between the time the crimes had occurred and the arrest of Brown and Holmes.

A handgun bearing the serial number 294303 was found on the front floor of the driver's side of the Lexus.  Ouattara's cellular telephone and Radulovic's purse were also found inside the car.

The government presented evidence that Brown and Holmes lived within a half-mile of each other in Camden, New Jersey.

II.

The jury found Holmes guilty of one count of conspiracy to commit carjacking, in violation of 18 U.S.C. § 371. Conspiracy is established when the government has shown: "(1) a unity of purpose between two or more persons; (2) an intent to achieve a common goal; and (3) an agreement to work together." United States v. Helbling, 209 F.3d 226, 238 (3d Cir. 2000). The defense moves for Holmes's acquittal on the basis that he lacked the requisite intent to commit conspiracy and that he was merely a bystander at the scene of the crimes.

The government may establish the elements of conspiracy "entirely through circumstantial evidence." United States v. Kapp, 781 F.2d 1008, 1010 (3d Cir. 1986). "[T]he existence of a conspiracy can be inferred 'from evidence of related facts and circumstances from which it appears as a reasonable and logical inference, that the activities of the participants ... could not have been carried on except as the result of a preconceived scheme or common understanding." Id. (citing United States v. Ellis, 595 F.2d 154, 160 (3d Cir. 1979)). In this case, the circumstantial evidence weighs heavily against Holmes. A reasonable jury could certainly find that Holmes's presence during the holdup of Ouattara and Radulovic at gunpoint and

-4-

Holmes's flight in the victims' car with Brown were evidence of his intent to participate in a conspiracy and commit carjacking.

As our Court of Appeals stated in United States v. Smith, "to sustain a conspiracy conviction, the 'contention that the evidence also permits a less sinister conclusion is immaterial. To sustain the jury's verdict, the evidence does not need to be inconsistent with every conclusion save that of guilt'." 294 F.3d 473, 478 (3d Cir. 2002) (citing United States v. Dent, 149 F.3d 180, 188 (3d Cir. 1998)). As noted above, the court must "draw all reasonable inferences in favor of the jury's verdict." United States v. Anderskow, 88 F.3d 245, 251 (3d Cir. 2001). We conclude that the government's evidence was more than sufficient to show Holmes's criminal intent.

### III.

Defendant further argues that the government has not proven all of the necessary elements of carjacking under 18 U.S.C. § 2119. The government must show the following five elements: "(1) taking a motor vehicle (2) that had been transported, shipped, or received in interstate or foreign commerce (3) from the person or presence of another (4) by force or intimidation (5) with the intent to cause death or serious bodily injury." United States v. Lopez, 271 F.3d 472, 486 (3d Cir. 2001). In addition to its argument that Holmes merely observed the carjacking, the defense argues that the carjacking

was subsequent and incidental to Brown's intended crime of robbery, that the Lexus was not taken "from the person or presence" of Ouattara, and that the federal carjacking statute is unconstitutional.  None of these contentions is persuasive.

The government's evidence demonstrates that Ouattara and Radulovic were approached by Brown and Holmes immediately after exiting the Lexus and that the victims were stopped within around 30 feet of the car.  During the robbery, Brown and Holmes took the car keys from Ouattara.  Under the circumstances a reasonable jury could find that the car keys were not taken as an afterthought but rather that the carjacking was among the objectives of Brown and Holmes in stopping the victims.

The evidence further shows that a reasonable jury could find that the car was taken from the presence of Ouattara and Radulovic.  In <u>United States v. Lake</u>, our Court of Appeals upheld a carjacking conviction where the defendant demanded and took keys to a car that was not parked in the victim's immediate reach.  150 F.3d 269, 272-73 (3d Cir. 1998).  There, the defendant argued that he did not take the car from the victim's person or presence since the victim "could not see or touch the car at th[e] moment" that the car keys were taken.  <u>Id.</u> at 272. The court rejected this position and held that the car was taken in the victim's "presence," because the victim "could have prevented the taking of her car if she had not been fearful that

Lake would shoot or otherwise harm her." Id. at 273.  The court quoted a leading treatise's explanation of this issue:

> " 'Presence' in this connection is not so much a matter of eyesight as it is one of proximity and control: the property taken in the robbery must be close enough to the victim and sufficiently under his control that, had the latter not been subjected to violence or intimidation by the robber, he could have prevented the taking."

Id. at 272 (quoting LaFave and Scott, Substantive Criminal Law § 8.11 at 443 (1986)).  Here, Ouattara was near enough to the Lexus that it was under his control at the time of the robbery.  Moreover, the evidence supports an inference that Brown and Holmes saw Ouattara and Radulovic exit the Lexus and that Brown and Holmes therefore knew which car they were taking when they demanded the keys.

Finally, Holmes asserts that the federal carjacking statute is unconstitutional under the Supreme Court's ruling in United States v. Lopez, 514 U.S. 549 (1995).  In Lopez, the Court found that federal firearm legislation exceeded Congress's authority to regulate interstate commerce.  However, our Court of Appeals has ruled that Congress did not exceed power under the Commerce Clause by enacting 18 U.S.C. § 2119, because "(1) Congress had a rational basis for believing that carjacking substantially affects interstate commerce; and (2) section 2119 has, as an element of the offense, a requirement that there be a constitutionally adequate nexus with interstate commerce."

United States v. Bishop, 66 F.3d 569, 576 (3d Cir. 1995), aff'd, United States v. Brownlee, 454 F.3d 131, 149 (3d Cir. 2006).

IV.

It is undisputed that Brown carried and brandished a firearm during the carjacking.  Holmes contends that, as a silent spectator, he did not aid and abet Brown's actions such that he could be held vicariously liable under 18 U.S.C. § 924(c).  Our Court of Appeals has ruled that a defendant aids and abets the use and carrying of a gun "without ever possessing or controlling a weapon if the defendant's actions [are] sufficiently 'intertwined with, and his criminal objectives furthered by' the actions of the participant who did carry and use the firearm.' " United States v. Gordon, 290 F.3d 539, 547 (3d Cir. 2007) (quoting United States v. Price, 76 F.3d 526, 529-30 (3d Cir. 1996)).  As stated above, the government presented sufficient evidence in this case to support a rational jury's decision that Holmes conspired with Brown to commit carjacking and that Holmes did commit carjacking.  Therefore, Holmes's actions were sufficiently intertwined with Brown's, and his criminal objectives were furthered by Brown's actions, such that Holmes aided and abetted in Brown's use and carrying of a firearm.

V.

Having viewed the record in the light most favorable to the prosecution, we conclude that a rational jury could find

beyond a reasonable doubt that Holmes was guilty of conspiracy to commit carjacking, carjacking, and using and carrying a firearm during a crime of violence.  Accordingly, we will deny his motion for judgment of acquittal under Rule 29.