IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 08-495 |
| | : | |
| TROY HOLMES | : | |

MEMORANDUM

Bartle, J.                                        August 5, 2020

The Court has before it the motion of defendant Troy
Holmes for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).

I

On December 5, 2008, a jury found defendant guilty of
conspiracy, in violation of 18 U.S.C. § 371; carjacking and
aiding and abetting, in violation of 18 U.S.C. §§ 2119 and 2;
and using and carrying a firearm during a crime of violence and
aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)
(A)(ii) and 2.  On September 21, 2009, this Court sentenced
defendant to 300 months' imprisonment followed by five years of
supervised release.  Defendant is currently serving his sentence
at the Federal Correctional Institution Gilmer ("FCI Gilmer") in
Glenville, West Virginia.

Defendant filed his pro se motion for compassionate
release on May 21, 2020.  The motion was docketed on June 11,
2020.  Thereafter, on July 20, 2020 defendant filed a

"supplemental motion for reducing sentence."  The Government
filed its response on July 24, 2020.

II

Defendant's motion for compassionate release relies on
section 3582(c)(1)(A) as recently amended by the First Step Act.
It provides, in relevant part:

> The court may not modify a term of imprisonment once
> it has been imposed except that—
>
> (1)  in any case—
>     (A)  the court, upon motion of the
>     Director of the Bureau of Prisons, or
>     upon motion of the defendant after the
>     defendant has fully exhausted all
>     administrative rights to appeal a
>     failure of the Bureau of Prisons to
>     bring a motion on the defendant's behalf
>     or the lapse of 30 days from the receipt
>     of such a request by the warden of the
>     defendant's facility, whichever is
>     earlier, may reduce the term of
>     imprisonment (and may impose a term of
>     probation or supervised release with or
>     without conditions that does not exceed
>     the unserved portion of the original
>     term of imprisonment), after considering
>     the factors set forth in section 3553(a)
>     to the extent that they are applicable,
>     if it finds that—
>         (i)  extraordinary and compelling
>         reasons warrant such a reduction
>         . . .
>
> and that such reduction is consistent
> with applicable policy statements issued
> by the Sentencing Commission.

Defendant has exhausted his administrative remedies,
and we turn first to the elements that a defendant must meet

under section 3582(c)(1)(A)(i) to obtain a reduction in

sentence.  It provides that a court may order compassionate

release for "extraordinary and compelling reasons" but only if

the reduction in sentence is "consistent with applicable policy

statements of the Sentencing Commission."

Congress has also enacted 28 U.S.C. § 994(t) which

provides:

> The Commission, in promulgating general
> policy statements regarding the sentencing
> modification provisions in section
> 3582(c)(1)(A) of title 18, shall describe
> what should be considered extraordinary and
> compelling reasons for sentence reduction,
> including the criteria to be applied and a
> list of specific examples. Rehabilitation of
> the defendant alone shall not be considered
> an extraordinary and compelling reason.

The application note 1(A) of section 1B1.13 of the Sentencing

Guidelines explains that "extraordinary and compelling reasons"

exist where the defendant is:  (1) "suffering from a terminal

illness" including among others "advanced dementia"; (2)

"suffering from a serious physical or medical condition"; (3)

"suffering from a serious functional or cognitive impairment";

or (4) "experiencing deteriorating physical or mental health

because of the aging process."  The latter three grounds also

require that the impairment "substantially diminishes the

ability of the defendant to provide self-care within the

environment of a correctional facility and from which he or she
is not expected to recover."

                                III

        Defendant asserts that compassionate release should be
granted because he:  (1) "suffers from chronic medical
conditions including severe asthma, hypertension, and obesity";
(2) has "served over twelve (12) years of his imprisonment
term"; and (3) "poses minimal risk, if any, to public safety."
According to defendant, he was "diagnosed with asthma at birth,
and later on in life, with hypertension, to which he receives
treatment."  Furthermore, he states that he has "a body mass
index of 30 or higher" which makes him immunocompromised.  As a
result, defendant argues that he is "at a high risk of not only
contracting COVID-19, but also of having life threatening
consequences."  With respect to the pandemic, defendant provides
extensive information about the potential dangers to those in
prison facilities who cannot engage in social distancing or take
other salutary measures necessary to mitigate the spread of
coronavirus.  He seeks an order "reducing his sentence to time
served, or in the alternative, home confinement."

        The Government opposes defendant's motion.  It
disputes defendant's characterization that his medical
conditions are as serious as he claims.  It asserts that
defendant's "medical ailments are well-controlled and do not

                                 4

present any impediment to his ability to provide self-care in the institution." According to the Government, "it is apparent that, but for the COVID-19 pandemic, the defendant would present no basis for compassionate release." Although defendant's medical records "confirm that he has asthma and hypertension," it is the government's view that the records also "indicate those conditions are mild and being managed effectively." The Government further maintains that compassionate release should not be granted because defendant "continues to present a danger to the community, and should be required to serve the sentence that this Court imposed for his criminal conduct."

According to Bureau of Prisons health records, defendant is 46 years old and is considered obese with a body mass index of 36.8. Defendant has been diagnosed with asthma and hypertension and has been prescribed a list of medications, including an Albuterol inhaler, Hydrochlorothiazide pills, Ibuprofen, Latanoprost eye drops, and Lisinopril pills. Defendant's medical records also note that he refused a flu shot on October 28, 2019 and in February of 2020, he contracted the flu, which resulted in a "coughing fit" during a medical appointment. There is no evidence that defendant ever sought or received treatment while incarcerated for any asthmatic episode. He has been taking and has access to his prescribed medications as needed.

The Court is, of course, mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus poses for the defendant and all others in prison. However, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease.  See United States v. Roeder, 2020 WL 1545872, at *3 (3d Cir. Apr. 1, 2020).  The Bureau of Prisons, including FCI Gilmer, has in place protocols to deal with this disease and the Attorney General has issued two directives to the Bureau of Prisons concerning early release of inmates, which it is following.  While defendant claims, without evidence, that "100 or more prisoners were transferred to FCI Gilmer after being exposed to the coronavirus," it has been reported to the Court that no cases of coronavirus have appeared so far among the inmate population at FCI Gilmer where defendant is detained.

Based on the current record, defendant has not established that his asthma, hypertension, and obesity constitute serious medical conditions as defined in the Sentencing Guidelines.  The serious medical condition under the Sentencing Guidelines must be an impairment which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which

he or she is not expected to recover."  Defendant clearly does not meet this requirement.

Even if defendant has the requisite serious medical conditions, the Court's analysis does not end here.  Section 3582(c)(1)(A) requires the Court to consider the "factors set forth in section 3553(a) to the extent they are applicable" before the Court may reduce his sentence.  These factors include the need to:  "reflect the nature and circumstances of the offense and the history and characteristics of the defendant"; "reflect the seriousness of the offense"; "promote respect of the law"; and "afford adequate deterrence to criminal conduct."

In this regard, defendant claims that, "he poses minimal risk, if any, to public safety" and that his remaining sentence can be "managed through home confinement and supervision conditions."  Defendant also reports that he has a "pre-release plan."  If granted release, defendant will live with his fiancé who "will make herself available as a source of financial and emotional support until [defendant] can get himself in order."  While the Court recognizes that defendant may have family support if released, such circumstances do not outweigh other section 3553(a) factors that support the need for him to serve the sentence imposed.

This Court cannot ignore the seriousness of defendant's criminal history.  As noted before, defendant was

convicted for committing an armed carjacking along with a partner.  When approached by the police, they both fled, which led to a dangerous pursuit that ended in a collision with another vehicle on the road.  Detectives later recovered a .25 caliber handgun from the stolen vehicle as well.  Defendant's Presentence Investigation Report further details a history of criminal activity, including felony drug offenses, aggravated assault, and pointing a loaded gun at a police officer.  He was a career offender under the sentencing guidelines.  His crimes are of a serious nature and underscore the danger defendant poses to the community.  Defendant has not provided any evidence to suggest otherwise.  While defendant has served 155 months thus far for his crimes, there is still a substantial amount of time remaining in his 300-month sentence.  Releasing defendant now would cut his current sentence by almost half and would not appropriately reflect the nature and circumstances of his offenses, promote just punishment, or afford adequate deterrence to criminal conduct.  See section 3553(a).

        The Court, taking all the relevant facts into account, finds that defendant Troy Holmes has not established extraordinary and compelling reasons that warrant his entitlement to compassionate release.  Accordingly, the Court will deny the motion of defendant for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

8