IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| TROY HOLMES | : | NO. 08-495 |

MEMORANDUM

Bartle, J.                                                     April 11, 2022

The court has before it the second pro se motion and an "amendment" of defendant Troy Holmes to reduce his sentence and grant compassionate release under 18 U.S.C. § 3582(c)(1)(A).

I

As stated in this court's August 5, 2020 memorandum denying his motion for compassionate release, Holmes was convicted by a jury on December 5, 2008 of conspiracy (18 U.S.C. § 371), carjacking (18 U.S.C. § 2119), and using and carrying a firearm during a crime of violence (18 U.S.C. § 924(c)(1)).  On September 21, 2009, this court sentenced Holmes to a total of 300 months imprisonment to be followed by 5 years of supervised release.

Holmes is currently serving his sentence at Federal Correctional Institution Gilmer ("FCI Gilmer") in Glenville, West Virginia.  He has served approximately 176 months with credit for good time of 22 months.  His earliest release date is June 10, 2029.

Holmes previously filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic which this court denied on August 5, 2020.  See United States v. Holmes, 2020 WL 4504440 (E.D. Pa. Aug. 5, 2020).  Our Court of Appeals affirmed that decision.  United States v. Holmes, 839 F. App'x 681 (3d Cir. 2021).  Holmes again moves for compassionate release under § 3582.

II

Holmes's motion for compassionate release relies on 18 U.S.C. § 3582(c)(1)(A) as recently amended by the First Step Act.  That statute provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1)  in any case—
>     (A)   the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>         (i)   extraordinary and compelling reasons warrant such a reduction
>           . . .

>     and that such a reduction is consistent
>     with applicable policy statements issued
>     by the Sentencing Commission.

18 U.S.C. § 3582(c).

Holmes has exhausted his administrative remedies. He now has the burden to establish that he meets the criteria under § 3582(c)(1)(A)(i) to obtain a reduction in sentence. This section provides that a court may order release for "extraordinary and compelling reasons" but only if the reduction in sentence is "consistent with applicable policy statements of the Sentencing Commission."

Congress has also enacted 28 U.S.C. § 994(t) which limits § 3582(c)(1)(A):

>     The Commission, in promulgating general
>     policy statements regarding the sentencing
>     modification provisions in section
>     3582(c)(1)(A) of title 18, shall describe
>     what should be considered extraordinary and
>     compelling reasons for sentence reduction,
>     including the criteria to be applied and a
>     list of specific examples. Rehabilitation
>     of the defendant alone shall not be
>     considered an extraordinary and compelling
>     reason.

Application note 1(A) of section 1B1.13 of the Sentencing Guidelines explains that "extraordinary and compelling reasons" exist where the defendant is: (1) "suffering from a terminal illness" including among others "advanced dementia"; (2) "suffering from a serious physical or medical condition"; (3) "suffering from a serious functional or

3

cognitive impairment"; or (4) "experiencing deteriorating physical or mental health because of the aging process." The latter three grounds also require that the impairment "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

The notes to the Sentencing Guidelines also include reasons related to the age of a defendant who is at least sixty-five years old and reasons related to family circumstances as a basis to reduce a sentence. There is also a catchall provision which states that a sentence may be reduced where "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."

Our Court of Appeals has held that this policy statement and its enumerated extraordinary and compelling reasons, while not binding on the court, serve as a guide when determining whether a reduction in sentence is warranted. See United States v. Andrews, 12 F.4th 255, 259-60 (3d Cir. 2021). The Court has also made clear that the length of a lawfully imposed sentence and nonretroactive changes to sentencing law are not extraordinary and compelling reasons warranting a sentence reduction. Id.

III

First, Holmes asserts that release is warranted because of his "severe asthma, hypertension, and obesity" during the COVID-19 pandemic.  The Centers for Disease Control and Prevention ("CDC") lists asthma that is moderate to severe, hypertension, and obesity as risk factors of more serious cases of COVID-19.  As this court previously found, there is no evidence in Holmes's medical records that he has received treatment for an asthmatic episode while incarcerated.  He is prescribed an Albuteraol inhaler, along with Hydrocholorothiazide pills, Ibuprofen, Latanoprost eye drops, and Lisinoprill pills, and he has been taking and has access to his prescribed medications as needed.  There is no evidence that his medical status has since changed.

Holmes has also been fully vaccinated against COVID-19 with two doses and a booster shot of the Pfizer vaccine.  Even in the midst of coronavirus variants, this vaccine is still highly effective at preventing serious cases and hospitalizations or death.  While the court remains mindful of the devastating worldwide pandemic and the special dangers the highly contagious coronavirus, including its different variants, pose to those incarcerated like Holmes, the COVID-19 pandemic does not warrant the release of every federal prisoner.  See e.g., United States v. Roeder, 807 F. App'x 157, 160-61 (3d Cir.

2020). Now that he is vaccinated, Holmes has failed to show that he is at any greater threat of contracting COVID-19 in his current situation than the general public. See e.g., United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Second, Holmes avers that he should be released because he was erroneously sentenced as a career offender based on a prior conviction for aggravated assault under New Jersey state law. Holmes asserts that recent court decisions have found that third-degree aggravated assault under New Jersey law is not a crime of violence. He also argues that he was incorrectly convicted of third-degree assault, which requires bodily injury, since his conviction related solely to a verbal threat and thus should only have been fourth-degree assault. The Government counters that Holmes's prior aggravated assault offenses would likely still apply and that his two prior convictions for controlled substance offenses would also still qualify him for career offender status.

Our Court of Appeals explained in United States v. Andrews that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance" and that "considering the length of a statutorily mandated sentence as a reason for modifying a sentence would infringe on Congress's authority to set penalties." 12 F.4th at 260-61. Holmes's sentence was lawful when imposed so that any subsequent changes

6

to the law regarding his career offender designation are not grounds for a reduction in sentence.

As this sentence was lawful when imposed, Holmes's request that the court reduce his sentence to 120 months on one count and 60 months on the second count to be followed by 10 years of supervised release will also be denied.

Finally, Holmes seeks a reduction in sentence because the court, rather than the jury, found that he brandished a firearm in violation of § 924(c) which elevated his sentence from five years on that count to a mandatory sentence of seven years. See 18 U.S.C. § 924(c)(1)(A)(ii). Holmes bases this argument on the Supreme Court's finding in Alleyne v. United States, 570 U.S. 99 (2013). In that case the Court found that the fact of brandishing a weapon is an element of the offense and must be submitted to the jury to find beyond a reasonable doubt. Id. at 115-16. Our Court of Appeals has made clear, however, that Alleyne does not apply retroactively to cases on collateral review. United States v. Reyes, 755 F.3d 210, 212 (3d Cir. 2014).

Holmes therefore has failed to establish an extraordinary and compelling reason for his release.[1]

---

1. We note that our Court of Appeals stated in Andrews that "[i]f a prisoner successfully shows extraordinary and compelling circumstances, the current sentencing landscape may be a legitimate consideration for courts at the next step of the

IV

If a defendant establishes an extraordinary and compelling reason for a reduction in sentence the court must then consider under § 3582(c)(1)(A) the factors under 18 U.S.C. § 3553(a) when deciding whether to grant compassionate release. These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; and "the kinds of sentences available." See 18 U.S.C. § 3553(a).

The court already reviewed these factors as relates to Holmes's circumstances in its prior August 5, 2020 memorandum. In addition, Holmes has not first established an extraordinary and compelling reason for release under § 3582. Consequently, the court need not reach the § 3553(a) factors.

---

analysis when they weigh the § 3553(a) factors." Andrews, 12 F.4th at 262. However, the court does not reach this next step because Holmes has not presented an extraordinary and compelling reason beyond the changes in sentencing law themselves and the COVID-19 pandemic which, due to his inoculation with a still highly effective vaccine, does not establish an extraordinary and compelling reason.

V

The court commends Holmes for his extensive rehabilitation efforts while incarcerated.  The court, however, in taking all the relevant facts and arguments into account for a reduction in sentence, finds that Holmes has not met his burden in establishing any extraordinary and compelling reason that warrants his entitlement to compassionate release.

Accordingly, the court will deny the motion of Troy Holmes for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A).